

BRB No. 22-0022 BLA

| | |
|---|---|
| KENNY R. JOHNSON ) | |
| ) | |
| Claimant-Respondent ) | |
| ) | |
| v. ) | |
| ) | **PUBLISHED** |
| APOGEE COAL COMPANY, LLC ) | |
| ) | |
| Employer/Carrier- ) | |
| Petitioners ) | DATE ISSUED: 05/26/2023 |
| ) | |
| DIRECTOR, OFFICE OF WORKERS' ) | |
| COMPENSATION PROGRAMS, UNITED ) | |
| STATES DEPARTMENT OF LABOR ) | |
| ) | |
| Party-in-Interest ) | DECISION and ORDER |

Appeal of the Decision and Order Awarding Benefits and Decision and Order Awarding Benefits on Reconsideration of Scott R. Morris, Administrative Law Judge, United States Department of Labor.

Michael A. Pusateri (Greenberg Traurig LLP), Washington, D.C., for Employer and its Carrier.

William M. Bush (Seema Nanda, Solicitor of Labor; Barry H. Joyner, Associate Solicitor; Andrea J. Appel, Counsel for Administrative Appeals), Washington, D.C., for the Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before: GRESH, Chief Administrative Appeals Judge, BUZZARD and ROLFE, Administrative Appeals Judges.

PER CURIAM:

Employer and its Carrier (Employer) appeal Administrative Law Judge (ALJ) Scott R. Morris's Decision and Order Awarding Benefits and Decision and Order Awarding Benefits on Reconsideration (2018-BLA-06169) rendered on a claim filed on January 4, 2017, pursuant to the Black Lung Benefits Act, as amended, 30 U.S.C. §§901-944 (2018) (Act).

The ALJ found Apogee Coal Company (Apogee) is the responsible operator and Arch Coal, Incorporated (Arch) is the responsible carrier. He credited Claimant with 20.37 years of underground coal mine employment and found he has a totally disabling respiratory or pulmonary impairment. 20 C.F.R. §718.204(b)(2). Thus he found Claimant invoked the presumption of total disability due to pneumoconiosis at Section 411(c)(4) of the Act.[1] 30 U.S.C. §921(c)(4) (2018). He further found Employer did not rebut the presumption and awarded benefits.

On appeal, Employer argues the ALJ lacked the authority to hear and decide the case because he was not appointed in a manner consistent with the Appointments Clause of the Constitution, Art. II § 2, cl. 2.[2] It also argues the removal provisions applicable to ALJs rendered his appointment unconstitutional. It further contends the ALJ erred in finding Arch is the liable carrier. In addition, it asserts the ALJ deprived it of due process by refusing to allow it to obtain discovery from the Department of Labor (DOL) regarding the scientific bases for the preamble to the 2001 regulatory revisions, while relying on the preamble to assess the evidence in this case. On the merits, it argues the ALJ erred in finding Claimant established total disability and invoked the Section 411(c)(4) presumption. Finally, it argues he erred in finding it did not rebut the presumption.

---

[1] Section 411(c)(4) of the Act provides a rebuttable presumption that a miner is totally disabled due to pneumoconiosis if he has at least fifteen years of underground or substantially similar surface coal mine employment and a totally disabling respiratory impairment. 30 U.S.C. §921(c)(4) (2018); *see* 20 C.F.R. §718.305.

[2] Article II, Section 2, Clause 2, sets forth the appointing powers:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

Claimant has not filed a response brief. The Director, Office of Workers' Compensation Programs (the Director), has filed a limited response urging the Benefits Review Board to reject Employer's constitutional challenges and its argument regarding its discovery requests, and to affirm the ALJ's determination that Arch is liable for benefits. Employer has replied to the Director's brief, reiterating its contentions on appeal.[3]

The Board's scope of review is defined by statute. We must affirm the ALJ's Decisions and Orders if they are rational, supported by substantial evidence, and in accordance with applicable law.[4] 33 U.S.C. §921(b)(3), as incorporated by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Assocs., Inc.*, 380 U.S. 359 (1965).

## Appointments Clause

Employer urges the Board to vacate the ALJ's Decisions and Orders and remand the case to be heard by a different, constitutionally appointed ALJ pursuant to *Lucia v. SEC*, 585 U.S. , 138 S. Ct. 2044 (2018).[5] Employer's Brief at 13-16. It acknowledges the Secretary of Labor (Secretary) ratified the prior appointments of all sitting DOL ALJs on December 21, 2017,[6] but maintains the ratification was insufficient to cure the constitutional defect in the ALJ's prior appointment. *Id.* at 15-16. We disagree.

---

[3] We affirm, as unchallenged on appeal, the ALJ's finding that Claimant established 20.37 years of underground coal mine employment. *See Skrack v. Island Creek Coal Co.*, 6 BLR 1-710, 1-711 (1983); Decision and Order at 8-9.

[4] The Board will apply the law of the United States Court of Appeals for the Sixth Circuit because Claimant performed his last coal mine employment in Kentucky. *See Shupe v. Director, OWCP*, 12 BLR 1-200, 1-202 (1989) (en banc); Director's Exhibits 3, 6.

[5] *Lucia* involved a challenge to the appointment of a Securities and Exchange Commission (SEC) ALJ. The United States Supreme Court held that, similar to Special Trial Judges at the United States Tax Court, SEC ALJs are "inferior officers" subject to the Appointments Clause. *Lucia v. SEC*, 585 U.S. , 138 S. Ct. 2044, 2055 (2018) (citing *Freytag v. Comm'r*, 501 U.S. 868 (1991)). The Department of Labor (DOL) has conceded that the Supreme Court's holding applies to its ALJs. *Big Horn Coal Co. v. Sadler*, 10th Cir. No. 17-9558, Brief for the Fed. Resp. at 14 n.6.

[6] The Secretary of Labor (Secretary) issued a letter to the ALJ on December 21, 2017, stating:

> In my capacity as head of the [DOL], and after due consideration, I hereby ratify the Department's prior appointment of you as an [ALJ]. This letter is

An appointment by the Secretary need only be "evidenced by an open, unequivocal act." *Marbury v. Madison*, 5 U.S. 137, 157 (1803). Ratification "can remedy a defect" arising from the appointment of an official when an agency head "has the power to conduct an independent evaluation of the merits [of the appointment] and does so." *Wilkes-Barre Hosp. Co. v. NLRB*, 857 F.3d 364, 371 (D.C. Cir. 2017) (internal quotations omitted); *see also McKinney v. Ozburn-Hessey Logistics, LLC*, 875 F.3d 333, 338 (6th Cir. 2017). Ratification is permissible so long as the agency head: (1) had the authority to take the action to be ratified at the time of ratification; (2) had full knowledge of the decision to be ratified; and (3) made a detached and considered affirmation of the earlier decision. *Wilkes-Barre Hosp. Co.*, 857 F.3d at 372 (internal quotations omitted); *see Advanced Disposal Servs. E., Inc. v. NLRB*, 820 F.3d 592, 603 (3d Cir. 2016); *CFPB v. Gordon*, 819 F.3d 1179, 1191 (9th Cir. 2016). Under the "presumption of regularity," courts presume public officers have properly discharged their official duties, with the burden on the challenger to demonstrate the contrary. *Advanced Disposal*, 820 F.3d at 603 (citing *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001)).

Congress has authorized the Secretary to appoint ALJs to hear and decide cases under the Act. 30 U.S.C. §932a; *see also* 5 U.S.C. §3105. Under the presumption of regularity, we therefore presume the Secretary had full knowledge of the decision to be ratified and made a detached and considered affirmation. *Advanced Disposal*, 820 F.3d at 603. Moreover, the Secretary did not generally ratify the appointment of all ALJs in a single letter, but rather specifically identified ALJ Morris and indicated he gave "due consideration" to his appointment. Secretary's Dec. 21, 2017 Letter to ALJ Morris. The Secretary further acted in his "capacity as head of the [DOL]" when ratifying the appointment of ALJ Morris "as an [ALJ]." *Id*. In so doing, the Secretary unequivocally accepted responsibility for the ALJ's prior appointment.[7]

Employer generally asserts that the Secretary's ratification lacked aspects of ceremony and formality, but it does not allege the Secretary had no "knowledge of all the

---

intended to address any claim that administrative proceedings pending before, or presided over by, [ALJs] of the U.S. [DOL] violate the Appointments Clause of the U.S. Constitution. This action is effective immediately.

Secretary's Dec. 21, 2017 Letter to ALJ Morris.

[7] Employer's assertion that the Secretary, in his December 21, 2017 letter "did not appoint ALJ Morris" ignores that the Secretary explicitly approved the ALJ's prior appointment "in [his] capacity as head of the [DOL]." Employer's Brief at 15; *c.f.* Secretary's Dec. 21, 2017 Letter to ALJ Morris.

4

material facts" when he ratified ALJ Morris's appointment. Employer's Brief at 15-16. Employer therefore has not overcome the presumption of regularity. *Advanced Disposal*, 820 F.3d at 603-04 (lack of detail in express ratification is insufficient to overcome the presumption of regularity); *see also Butler*, 244 F.3d at 1340. We thus hold the Secretary properly ratified the ALJ's appointment. *See Edmond v. United States*, 520 U.S. 651, 654-66 (1997) (appointments of civilian members of the United States Coast Guard Court of Criminal Appeals were valid where Secretary of Transportation issued a memorandum "adopting" assignments "as judicial appointments of [his] own"); *Advanced Disposal*, 820 F.3d at 604-05 (National Labor Relations Board's retroactive ratification appointment of a Regional Director with statement it "confirm[ed], adopt[ed], and ratif[ied] *nunc pro tunc*" its earlier invalid actions was proper).

Employer further asserts that the Secretary's ratification of the ALJ's appointment was issued without notice and comment and violates the Administrative Procedure Act (APA). Employer's Brief at 16. Employer cites no authority to support its argument.[8] *See Cox v. Benefits Review Board*, 791 F.2d 445, 446-47 (6th Cir. 1986); *Sarf v. Director, OWCP*, 10 BLR 1-119, 1-120-21 (1987); *Fish v. Director, OWCP*, 6 BLR 1-107, 1-109 (1983); 20 C.F.R. §802.211(b).

We further reject Employer's argument that Executive Order 13843, which removes ALJs from the competitive civil service, supports its Appointments Clause argument because incumbent ALJs remain in the competitive service. Employer's Brief at 16. The Executive Order does not state that the prior appointment procedures were impermissible or violated the Appointments Clause. It also affects only the government's internal management and, therefore, does not create a right enforceable against the United States and is not subject to judicial review. *See Air Transport Ass'n of Am. v. FAA*, 169 F.3d 1, 8-9 (D.C. Cir. 1999). Employer has not explained how the Executive Order undermines the Secretary's ratification of ALJ Morris's appointment, which we have held constituted a valid exercise of his authority, thereby bringing the ALJ's appointment into compliance with the Appointments Clause.

Consequently, we reject Employer's assertion that this case should be remanded for a new hearing before a different ALJ.

---

[8] Additionally, as the Director correctly points out, the APA contains an express exception for certain personnel matters. 5 U.S.C. §553(a)(2) ("This section applies, according to the provisions thereof, except to the extent that there is involved . . . a matter relating to agency management or personnel[.]"); Director's Brief at 24.

**Removal Provisions**

Employer also challenges the constitutionality of the removal protections afforded DOL ALJs. Employer's Brief at 17-18. It generally argues the removal provisions for ALJs contained in the APA, 5 U.S.C. §7521, are unconstitutional, citing Justice Breyer's separate opinion and the Solicitor General's argument in *Lucia*. *Id.* In addition, it relies on the United States Supreme Court's holdings in *Free Enter. Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010), and *Seila Law v. CFPB*, 591 U.S. , 140 S. Ct. 2183 (2020), as well as the opinion of the United States Court of Appeals for the Federal Circuit in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), *vacated*, 594 U.S. , 141 S. Ct. 1970 (2021). *Id.* For the reasons set forth in *Howard v. Apogee Coal Co.*, 25 BLR 1-301, 1-307-08 (2022), we reject Employer's arguments.

**Responsible Insurance Carrier**

Employer does not challenge the ALJ's findings that Apogee is the correct responsible operator, and it was self-insured by Arch on the last day Apogee employed Claimant; thus we affirm these findings. *See Skrack v. Island Creek Coal Co.*, 6 BLR 1-710, 1-711 (1983); 20 C.F.R. §§725.494(e), 725.495, 726.203(a); Decision and Order at 31-33. Rather, it alleges Patriot Coal Corporation (Patriot) should have been named the responsible carrier and thus liability for the claim should transfer to the Black Lung Disability Trust Fund (Trust Fund). Employer's Brief at 19-41.

In 2005, after Claimant ceased his employment with Apogee, Arch sold Apogee to Magnum Coal (Magnum), and in 2008 Magnum was sold to Patriot. Employer's Brief at 38; Director's Brief at 2; Director's Exhibit 25 at 12. In 2011, Patriot was authorized to insure itself and its subsidiaries, retroactive to July 1, 1973. Employer's Brief at 12; Director's Brief at 11; Director's Exhibit 33 at 2. In 2015, Patriot went bankrupt. Director's Brief at 11; Director's Exhibit 25 at 2. Neither Patriot's self-insurance authorization nor any other arrangement, however, relieved Arch of liability for paying benefits to miners last employed by Apogee when Arch owned that company and provided self-insurance to it.

Employer raises several arguments to support its contention that Arch was improperly designated the self-insured carrier in this claim and thus the Trust Fund, not Arch, is responsible for the payment of benefits following Patriot's bankruptcy. Employer's Brief at 19-41. It maintains the ALJ erred in finding Arch liable for benefits because: (1) the district director is an inferior officer not properly appointed under the

Appointments Clause;[9] (2) its liability evidence was erroneously excluded[10] because a carrier's liability is not subject to the limitations set forth at 20 C.F.R. §725.456(b)(1);[11] (3) the district director improperly "pierce[d] Arch's corporate veil [to] hold it responsible for" Apogee's employee, Claimant; (4) no evidence establishes Arch's self-insurance covered Apogee for this claim; (5) he evaluated Arch's liability for the claim as a responsible operator or commercial insurance carrier rather than a self-insurer; (6) the sale of Apogee to Magnum released Arch from liability for the claims of miners who worked for Apogee, and the DOL endorsed this shift of liability; (7) the Director changed its policy in naming Arch as the responsible carrier; (8) retroactive application of the policy reflected in Black Lung Benefits Act (BLBA) Bulletin No. 16-01[12] imposes new liability on self-insured mine operators that bypasses traditional rulemaking in violation of the APA; and

---

[9] Employer first contested the district director's appointment in its brief before the Board. Employer's Brief at 23-24.

[10] Employer requested the ALJ issue subpoenas so it could depose Michael Chance and Kim Kasmeier, two DOL Office of Workers' Compensation Programs employees, and obtain documents related to Arch's liability. *See* June 22, 2018 Subpoena Requests; Apr. 1, 2020 Mot. to Compel. The ALJ denied the discovery request because Employer failed to timely identify the two witnesses or submit liability evidence to the district director and did not establish extraordinary circumstances for failing to do so. June 3, 2020 Order; *see* 20 C.F.R. §§725.414(c), 725.456(b)(1).

[11] Employer also argues the time limitation for its submission of liability evidence at 20 C.F.R. §725.456(b)(1) violates the Longshore and Harbor Workers' Compensation Act (Longshore Act) and the Administrative Procedure (APA) because it divests the ALJ of authority under the Longshore Act, 33 U.S.C. §919(d), and the APA, 5 U.S.C. §556(d), to receive evidence and adjudicate issues de novo. Employer's Brief at 19-21. We reject this argument. 30 U.S.C. §932(a) incorporated the provisions of the Longshore Act and the APA into the Black Lung Benefits Act (BLBA) "except as otherwise provided . . . by regulations of the Secretary." 30 U.S.C. §932(a). Thus, even if we were to accept Employer's interpretation of the regulation, the Secretary of Labor has the "authority to adopt regulations that differ from the APA and the Longshore Act." Director's Brief at 15 (citing *Nat'l Mining Ass'n v. Chao*, 160 F. Supp. 2d 47, 70 (D.D.C. 2001), *rev'd in part on other grounds*, *Nat'l Mining Ass'n v. Dep't of Labor*, 292 F.3d 849, 869 (D.C. Cir. 2002)).

[12] The Black Lung Benefits Act (BLBA) Bulletin No. 16-01 is a memorandum the Director of the Division of Coal Mine Workers' Compensation issued on November 12, 2015, to "provide guidance for district office staff in adjudicating claims" that Patriot's bankruptcy has affected.

7

(9) the ALJ abused his discretion and deprived it of procedural due process by denying its request for discovery regarding BLBA Bulletin No. 16-01. *Id.*

The Board has previously considered and rejected these arguments under the same material facts in *Bailey v. E. Assoc. Coal Co.*,    BLR   , BRB No. 20-0094 BLA, slip op. at 10-19 (Oct. 25, 2022) (en banc); *Howard*, 25 BLR at 1-308-19; and *Graham v. E. Assoc. Coal Co.*, 25 BLR 1-289, 1-295-99 (2022). For the reasons set forth in *Bailey*, *Howard*, and *Graham*, we reject Employer's arguments. Thus we affirm the ALJ's determination that Apogee and Arch are the responsible operator and carrier, respectively, and are liable for this claim.

### Employer's Request for Discovery

While the case was before the ALJ, Employer sought discovery from the DOL related to the agency's deliberative process underlying the preamble to the 2001 revised regulations. In response, the Director filed a Motion for a Protective Order seeking to bar the requested discovery. Employer responded, urging the ALJ to deny the Director's motion. The ALJ granted the Director's motion, finding "Employer has made no showing that the information it seeks" is relevant to whether Claimant is entitled to benefits.[13] Nov. 5, 2019 Order at 5.

---

[13] The ALJ reasoned:

The issue of whether a particular miner's condition or disability is due to his or her coal mine employment or smoking habit must be resolved on a claim-by-claim basis. Employer has made no showing that the information it seeks has any bearing on the medical information submitted in connection with this claim or any relation to whether the named Claimant is entitled to benefits. The discovery requests are also not relevant or necessary to aid Employer in developing its own contrary medical evidence in this case, as is permitted by the courts. The preamble already fully sets forth the medical and scientific studies and premises the Department relied upon in promulgating the regulations. Thus, any additional information as to what the statements in the new preamble mean or how [the] medical literature supports those statements is unlikely to further aid the Employer in a practical manner and amounts to no more than a collateral attack on the preamble. Employer's requests relating to the preamble are not reasonably calculated to lead to the discovery of admissible evidence.

Nov. 5, 2019 Order at 5.

8

Employer does not allege any specific error with the ALJ's finding that its discovery request is not reasonably calculated to lead to admissible, relevant evidence. Instead, it argues the ALJ violated its due process rights by preventing it from conducting discovery regarding the preamble and then discrediting its physicians as contrary to the scientific evidence cited in the preamble. Employer's Brief at 51-52. We disagree.

Due process requires Employer be given notice and an opportunity to mount a meaningful defense. *See Arch of Ky., Inc. v. Director, OWCP* [*Hatfield*], 556 F.3d 472, 478 (6th Cir. 2009) ("The basic elements of procedural due process are notice and opportunity to be heard."); *Island Creek Coal Co. v. Holdman*, 202 F.3d 873, 883-84 (6th Cir. 2000). Employer had the opportunity to submit evidence challenging the science that the DOL relied on in the preamble both when the DOL promulgated its regulations and before the ALJ prior to his reliance on the preamble in weighing the medical evidence. *See Cent. Ohio Coal Co. v. Director, OWCP* [*Sterling*], 762 F.3d 483, 491 (6th Cir. 2014) (party is free to challenge the DOL's position in the preamble by submitting the type and quality of medical evidence that would invalidate the DOL's position in that scientific dispute); *see also Westmoreland Coal Co. v. Cochran*, 718 F.3d 319, 324 (4th Cir. 2013) (parties may submit evidence of scientific innovations that archaize or invalidate the science underlying the preamble). Employer did not submit such evidence.[14] Because Employer was afforded the opportunity to submit evidence challenging the scientific findings contained in the preamble, it has failed to demonstrate how it was deprived of due process. *See Hatfield*, 556 F.3d at 478; *Holdman*, 202 F.3d at 883-84. As Employer does not otherwise argue the ALJ erred in granting the Director's motion for a protective order, we affirm the ALJ's ruling. *See Skrack*, 6 BLR at 1-711.

### Invocation of the Section 411(c)(4) Presumption

To invoke the Section 411(c)(4) presumption, Claimant must establish he has a totally disabling respiratory or pulmonary impairment. 20 C.F.R. §718.305(b)(1)(iii). A miner is totally disabled if his pulmonary or respiratory impairment, standing alone, prevents him from performing his usual coal mine work and comparable gainful work. 20 C.F.R. §718.204(b)(1). A claimant may establish total disability based on pulmonary function studies, arterial blood gas studies, evidence of pneumoconiosis and cor pulmonale with right-sided congestive heart failure, or medical opinions. 20 C.F.R. §718.204(b)(2)(i)-(iv). The ALJ must weigh all relevant supporting evidence against all relevant contrary evidence. *See Defore v. Ala. By-Products Corp.*, 12 BLR 1-27, 1-28-29 (1988); *Rafferty v. Jones & Laughlin Steel Corp.*, 9 BLR 1-231, 1-232 (1987); *Shedlock v. Bethlehem Mines*

---

[14] Employer generally asserts its experts "cit[ed] literature post-dating the preamble" but fails to explain how such literature invalidates the DOL's position set forth in the preamble. Employer's Brief at 51.

9

*Corp.*, 9 BLR 1-195, 1-198 (1986), *aff'd on recon.*, 9 BLR 1-236 (1987) (en banc). Qualifying evidence in any of the four categories establishes total disability when there is no "contrary probative evidence." 20 C.F.R. §718.204(b)(2).

The ALJ found Claimant established total disability based on the pulmonary function studies, arterial blood gas studies, medical opinions, and the evidence as a whole.[15] 20 C.F.R. §718.204(b)(2)(i), (ii), (iv); Decision and Order at 11-18.

As an initial matter, we affirm the ALJ's unchallenged findings that the pulmonary function studies and blood gas studies establish total disability at 20 C.F.R. §718.204(b)(2)(i), (ii). *See Skrack*, 6 BLR at 1-711; Decision and Order at 11-13, 18.

Employer instead argues the ALJ erred in weighing the medical opinion evidence. Employer's Brief at 41-43. We are not persuaded.

Dr. Alam stated Claimant is unable to do "any exertional work" due to shortness of breath, that he has a "severe mixed airflow deficit," and that his FEV1 on pulmonary function testing "meets disability." Director's Exhibit 9. Dr. Dahhan opined Claimant has a "moderately severe respiratory impairment with alteration in his blood gas exchange mechanisms." Employer's Exhibit 4. The ALJ found neither Dr. Alam nor Dr. Dahhan offered a specific opinion on whether Claimant is totally disabled from his usual coal mine employment and gave their opinions little weight.[16] Decision and Order at 17. Dr. Rosenberg opined Claimant has a severe airflow obstruction and "clearly is disabled" from a pulmonary perspective. Director's Exhibit 19. The ALJ found his opinion is credible and establishes total disability. Decision and Order at 17.

Employer argues the ALJ erred in finding Claimant is totally disabled because Drs. Alam, Dahhan, and Rosenberg opined any lung impairment he has is due to cancer.[17] Employer's Brief at 41-43. We disagree. The relevant inquiry at 20 C.F.R. §718.204(b)(2) is whether Claimant has a totally disabling respiratory or pulmonary impairment; the cause of that impairment is addressed at 20 C.F.R. §§718.202(a)(4), 718.204(c), or in

---

[15] The ALJ found there is no evidence of cor pulmonale with right-sided congestive heart failure. 20 C.F.R. §718.204(b)(2)(iii); Decision and Order at 13.

[16] As the ALJ permissibly found Claimant totally disabled based on Dr. Rosenberg's opinion, any error in finding Dr. Alam did not also diagnose total disability is harmless. *Larioni v. Director, OWCP*, 6 BLR 1-1276, 1-1278 (1984).

[17] Employer's allegation that all the physicians opined Claimant's impairment is solely due to cancer is factually incorrect, as Dr. Alam specifically opined Claimant's "disability [is] related to coal dust [exposure]" and cancer. *See* Director's Exhibit 9.

10

consideration of rebuttal of the Section 411(c)(4) presumption pursuant to 20 C.F.R. §718.305.[18] *See Bosco v. Twin Pines Coal Co.*, 892 F.2d 1473, 1480-81 (10th Cir. 1989).

As Employer raises no further argument, we affirm the ALJ's finding that Claimant established total disability based on the medical opinions at 20 C.F.R. §718.204(b)(2)(iv); Decision and Order at 18. We thus affirm his finding that Claimant is totally disabled. *See Shedlock*, 9 BLR at 1-198; 20 C.F.R. §718.204(b)(2). Consequently, we affirm the ALJ's determination that Claimant invoked the Section 411(c)(4) presumption. 20 C.F.R. §718.305(b)(1); Decision and Order at 18.

## Rebuttal of the Section 411(c)(4) Presumption

Because Claimant invoked the Section 411(c)(4) presumption, the burden shifted to Employer to establish he has neither legal nor clinical pneumoconiosis,[19] or that "no part of [his] respiratory or pulmonary total disability was caused by pneumoconiosis as defined

---

[18] We reject Employer's argument that the Board held otherwise in *Casella v. Kaiser Steel Corp.*, 9 BLR 1-131, 1-135 (1986). In that case, the Board concluded that a physician's testimony, indicating that a miner's "severe degenerative neuromuscular problem" affected his objective testing results, may be "relevant to the issue of the *reliability* of pulmonary function studies as indicators of a chronic respiratory or pulmonary disease" for purposes of invoking an interim presumption that is no longer in effect. *Id*. at 1-134 (emphasis added). But the Board did not hold that a physician's opinion on the *cause* of a respiratory or pulmonary impairment that was reflected on an otherwise reliable objective test is relevant to whether the miner is disabled. Unlike *Casella*, Employer does not challenge the reliability of Claimant's objective testing and the relevant regulation applicable to this claim specifically states that if "a nonpulmonary or nonrespiratory condition or disease causes a chronic respiratory or pulmonary impairment, that condition or disease shall be considered in determining whether the miner is or was totally disabled *due to pneumoconiosis*." 20 C.F.R. §718.204(a) (emphasis added).

[19] "Legal pneumoconiosis" includes any chronic lung disease or impairment and its sequelae arising out of coal mine employment. 20 C.F.R. §718.201(a)(2). The definition includes "any chronic pulmonary disease or respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. §718.201(b). "Clinical pneumoconiosis" consists of "those diseases recognized by the medical community as pneumoconioses, *i.e.*, the conditions characterized by permanent deposition of substantial amounts of particulate matter in the lungs and the fibrotic reaction of the lung tissue to that deposition caused by dust exposure in coal mine employment." 20 C.F.R. §718.201(a)(1).

11

in [20 C.F.R.] §718.201." 20 C.F.R. §718.305(d)(1)(i), (ii). The ALJ found Employer failed to establish rebuttal by either method.

To disprove legal pneumoconiosis, Employer must establish Claimant does not have a chronic lung disease or impairment "significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. §§718.201(a)(2), (b), 718.305(d)(1)(i)(A); *see Minich v. Keystone Coal Mining Co.*, 25 BLR 1-149, 1-155 n.8 (2015). The Sixth Circuit holds an employer can "disprove the existence of legal pneumoconiosis by showing that [the miner's] coal mine employment did not contribute, in part, to his alleged pneumoconiosis." *Island Creek Coal Co. v. Young*, 947 F.3d 399, 405 (6th Cir. 2020). "An employer may prevail under the not 'in part' standard by showing that coal-dust exposure had no more than a *de minimis* impact on the miner's lung impairment." *Id*. at 407 (citing *Arch on the Green, Inc. v. Groves*, 761 F.3d 594, 600 (6th Cir. 2014)).

The ALJ considered the opinions of Drs. Rosenberg and Dahhan that Claimant does not have legal pneumoconiosis.[20] Decision and Order at 26-28. Dr. Rosenberg diagnosed a severe airflow obstruction caused by "some type of inflammatory condition unrelated to past coal mine dust exposure." Director's Exhibit 19; Employer's Exhibit 3 at 6. Dr. Dahhan diagnosed a moderately severe respiratory impairment resulting from Claimant's "generalized weakness and possible metastatic cancer." Employer's Exhibit 4 at 3. The ALJ found their opinions not credible and thus insufficient to rebut the presumption of legal pneumoconiosis. Decision and Order at 26-27.

Employer argues the ALJ erred in discrediting Dr. Rosenberg's opinion. Employer's Brief at 46-50. We disagree.

Dr. Rosenberg opined Claimant's obstructive impairment is inconsistent with legal pneumoconiosis based, in part, on the marked reduction in his FEV1 value in relationship to his FVC value on pulmonary function testing. Decision and Order at 27; Director's Exhibit 19 at 4. The ALJ permissibly discredited Dr. Rosenberg's opinion because it is based on premises inconsistent with studies the DOL cited in the preamble to the 2001 revised regulations that coal mine dust exposure can cause clinically significant obstructive disease, which can be shown by a reduction in the FEV1/FVC ratio.[21] *Sterling*, 762 F.3d

---

[20] The ALJ correctly observed that Dr. Alam diagnosed Claimant with legal pneumoconiosis and his opinion thus does not aid Employer in rebutting the presumption. Decision and Order at 27 n.16; Director's Exhibit 9.

[21] Contrary to Employer's argument, an ALJ may evaluate expert opinions in conjunction with the preamble, as it sets forth the DOL's resolution of questions of

at 491-92; *see also Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 671-72 (4th Cir. 2017); 65 Fed. Reg. 79,940, 79,943 (Dec. 20, 2000); Decision and Order at 27.

Further, Dr. Rosenberg opined Claimant's chronic bronchitis does not constitute legal pneumoconiosis because chronic bronchitis "dissipates within months after exposure ceases" and Claimant's symptoms are "of recent onset." Employer's Exhibit 3 at 4-6. The ALJ permissibly discredited Dr. Rosenberg's opinion because the regulations provide that pneumoconiosis is "a latent and progressive disease which may first become detectable only after the cessation of coal mine dust exposure." 20 C.F.R. §718.201(c); *see Mullins Coal Co. of Va. v. Director, OWCP*, 484 U.S. 135, 151 (1987); *see also Hobet Mining, LLC v. Epling*, 783 F.3d 498, 506 (4th Cir. 2015) (medical opinion not in accord with the accepted view that pneumoconiosis can be both latent and progressive may be discredited); 65 Fed. Reg. at 79,939 (coal mine dust exposure can cause chronic obstructive pulmonary disease, which includes chronic bronchitis); Decision and Order at 27.

Employer also argues the ALJ erred in discrediting Dr. Dahhan's opinion. Employer's Brief at 46, 50-51. We disagree. Dr. Dahhan opined Claimant's impairment is consistent with "his weakness that has resulted from his pancreatic cancer," and there is no evidence the impairment is related to his coal mine dust exposure. Employer's Exhibit 4 at 2-3. Contrary to Employer's contention, the ALJ permissibly found Dr. Dahhan's opinion unpersuasive because he failed to provide a rationale as to why coal mine dust exposure did not contribute, even in part, to Claimant's impairment. *See Young*, 947 F.3d at 405; *Tenn. Consol. Coal Co. v. Crisp*, 866 F.2d 179, 185 (6th Cir. 1989); *Director, OWCP v. Rowe*, 710 F.2d 251, 255 (6th Cir. 1983); Decision and Order at 26.

Thus we affirm the ALJ's finding that Employer did not disprove the existence of legal pneumoconiosis. 20 C.F.R. §718.305(d)(1)(i)(A); Decision and Order at 28. Employer's failure to disprove legal pneumoconiosis precludes a rebuttal finding that Claimant does not have pneumoconiosis. 20 C.F.R. §718.305(d)(1)(i); Decision and Order at 28. Therefore, we need not address Employer's arguments regarding clinical pneumoconiosis. *Larioni v. Director, OWCP*, 6 BLR 1-1276, 1-1278 (1984); Employer's Brief at 43-46.

The ALJ also found Employer did not rebut the presumption by establishing no part of Claimant's respiratory or pulmonary total disability was caused by legal pneumoconiosis. 20 C.F.R. §718.305(d)(1)(ii); Decision and Order at 28-29. Because Employer raises no specific arguments on disability causation, we affirm the ALJ's determination that Employer failed to prove no part of Claimant's total disability was

---

scientific fact relevant to the elements of entitlement. *See Cent. Ohio Coal Co. v. Director, OWCP* [*Sterling*], 762 F.3d 483, 491 (6th Cir. 2014); Employer's Brief at 50-52.

caused by legal pneumoconiosis. 20 C.F.R. §718.305(d)(1)(ii); *see Skrack*, 6 BLR at 1-711; Decision and Order at 28-29.

    Accordingly, the ALJ's Decision and Order Awarding Benefits and Decision and Order Awarding Benefits on Reconsideration are affirmed.

    SO ORDERED.

DANIEL T. GRESH, Chief
Administrative Appeals Judge

GREG J. BUZZARD
Administrative Appeals Judge

JONATHAN ROLFE
Administrative Appeals Judge

# Notice of Appeal Rights

A Decision of the Benefits Review Board shall become final sixty (60) days after its issuance unless a written petition for review is filed with the appropriate United States Court of Appeals <u>prior</u> to the expiration of the sixty (60) day period, or unless a timely request for reconsideration is filed with the Board. 33 U.S.C. Section 921; 30 U.S.C. Section 932(a); 20 C.F.R. Sections 802.406, 802.407. Therefore, you are advised that you may SEEK RECONSIDERATION OF, <u>OR</u> APPEAL, a final decision of the Board within the time limits set forth below. <u>THE TIME LIMITS CANNOT BE EXTENDED, AND YOU MUST SUBMIT YOUR REQUEST TO THE PROPER PLACE WITHIN THE TIME PROVIDED.</u>

If you seek RECONSIDERATION by this Board (that is, if you want the Board to reconsider its decision), you <u>must</u> submit to the Board a written Motion for Reconsideration within <u>30 DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION</u>. Your motion should identify any error you find in the Board's opinion and state the reasons you believe warrant further consideration of your case. If you file a timely motion for reconsideration, you will have sixty (60) days from the issuance of the Board's decision on reconsideration to file an appeal with a Court of Appeals, as set forth below.

Alternatively, if you wish to APPEAL to a United States Court of Appeals, you must ensure that a petition for review is received by <u>THE APPROPRIATE COURT (NOT THIS BOARD) WITHIN SIXTY (60) DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION</u>. The petition for review should contain the case number and the date of the Board's decision. The petition should be sent to the Court of Appeals that covers the state in which the employee's injury occurred. In a black lung claim, any state in which the miner had coal mine employment may be considered the state in which the injury occurred (i.e., for a black lung appeal, you may file in any Court of Appeals covering any state in which you <u>worked</u> as a miner). Listed below are the twelve Courts of Appeals and the states they cover. You should identify the court covering the state of injury (including all states of coal mine employment for black lung claims) and file your petition with that court. If you have questions about your case, call the clerk of the court at the number shown below. If you appeal directly to the Court of Appeals, you may not later get reconsideration by the Board. However, if you seek Board reconsideration, you may later appeal the Board's ruling on reconsideration to the Court of Appeals.
In Defense Base Act cases, the United States Courts of Appeals for the Fourth, Fifth, Sixth, and Eleventh Circuits have held that Board decisions must initially be appealed to the United States District Court where the office of the appropriate district director is located.

**If you have any questions about the procedures to be followed in your case, call the Office of the Clerk of the board at 202-693-6300.**

# COURT OF APPEALS

**First Circuit** (Maine, New Hampshire, Rhode Island Massachusetts, Puerto Rico)
Maria R. Hamilton, Clerk
U.S. Court of Appeals
   for the First Circuit
1 Court House Way
Suite 2500
Boston, MA  02210
(617) 748-9057
www.ca1.uscourts.gov

**Second Circuit** (New York, Connecticut, Vermont)
Catherine O'Hagan Wolfe, Clerk
U.S. Court of Appeals
   for the Second Circuit
40 Foley Square
Room 1702, U.S. Courthouse
New York, NY  10007
(212) 857-8544
www.ca2.uscourts.gov

**Third Circuit** (Pennsylvania, New Jersey, Delaware, Virgin Islands)
Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals
   for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106
(215) 597-2995
www.ca3.uscourts.gov

**Fourth Circuit** (Maryland, Virginia, West Virginia North Carolina, South Carolina)
Patricia S. Connor, Clerk
U.S. Court of Appeals
   for the Fourth Circuit
1100 East Main Street
Room 501
Richmond, VA 23219-3517
(804) 916-2700
www.ca4.uscourts.gov

**Fifth Circuit** (Louisiana, Texas, Mississippi)
Lyle W. Cayce, Clerk
U.S. Court of Appeals
   for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
(504) 310-7700
www.ca5.uscourts.gov

**Sixth Circuit** (Ohio, Kentucky, Tennessee, Michigan)
Deborah S. Hunt, Clerk
U.S. Court of Appeals
   for the Sixth Circuit
100 East 5th Street, Room 424
Cincinnati, OH  45202
(513) 564-7000
www.ca6.uscourts.gov

**Seventh Circuit** (Wisconsin, Illinois, Indiana)
Chris Conway, Clerk
U. S. Court of Appeals
   for the Seventh Circuit
219 South Dearborn Street
Room 2722
Chicago, IL  60604
(312) 435-5850
www.ca7.uscourts.gov

**Eighth Circuit** (Minnesota, Iowa, Missouri, Arkansas, Nebraska, South Dakota, North Dakota)
Michael E. Gans, Clerk
U.S. Court of Appeals
   for the Eighth Circuit
Thomas F. Eagleton Court House
111 South 10th Street Room 24.329
St. Louis, MO 63102
(314) 244-2400
www.ca8.uscourts.gov

**Ninth Circuit** (Washington, Oregon, Montana, Idaho, California, Nevada, Arizona, Alaska, Hawaii)
Molly Dwyer, Clerk
U.S. Court of Appeals
   for the Ninth Circuit
95 Seventh Street
San Francisco, CA  94103
(415) 355-8000
www.ca9.uscourts.gov

**Tenth Circuit** (Wyoming, Utah, Colorado, Kansas, Oklahoma, New Mexico)
Chritopher M. Wolpert, Clerk
U.S. Court of Appeals
   for the Tenth Circuit
1823 Stout Street
Denver, CO 80257
(303) 844-3157
www.ca10.uscourts.gov

**Eleventh Circuit** (Alabama, Georgia, Florida)
David J. Smith, Clerk
U. S. Court of Appeals
   for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA  30303
(404) 335-6100
www.ca11.uscourts.gov

**District of Columbia Circuit** (Washington, D.C.)
Mark J. Langer, Clerk
U.S. Court of Appeals
   for the D.C. Circuit
333 Constitution Avenue, N.W., Rm. 5205
Washington, D.C.  20001
(202) 216-7000
www.cadc.uscourts.gov

## CERTIFICATE OF SERVICE

2022-0022-BLA Kenny R. Johnson v. Apogee Coal Company, LLC., Director, Office of Workers' Compensation Programs (Case No. 18-BLA-6169)

I certify that the parties below were served this day.

_05/26/2023_
(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Hon. Scott R. Morris
U.S. Department of Labor
Office of Administrative Law Judges
2 Executive Campus, Suite 450
Cherry Hill, NJ 08002

Kenny R. Johnson
P.O. Box 169
Grays Knob, KY 40829
　　--*Certified*

Mark Solomons, Esq.
Greenberg Traurig LLP
2101 L Street NW, Suite 1000
Washington, DC 20037

Michael Pusateri, Esq.
Greenberg Traurig, LLP
2101 L. Street N.W. Suite 1000
Washington, DC 20037
　　--Electronic

Mr. Michael Chance
District Director
U.S. Department of Labor
Suite C-3515, NDOL
Washington, DC 20210

Sidney B Douglass, Esq.
P.O. Box 839
120 South Second Street
Harlan, KY 40831-0839
　　--*Certified*

William M. Bush, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W., Rm. N-2119
Washington, DC 20210

Office of Administrative Law Judges
Techworld Plaza
800 K Street NW
Washington, DC 20001
　　--Electronic

Office of the Solicitor, Division of Black Lung and Longshore Services
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
　　--Electronic